# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

*[This form is for non-prisoners to file a civil complaint. NEATLY print in ink (or type) your answers.]*

**FILED**
DEC 01 2022
At_____M
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

__KATHY BROWNE__,
*[You are the PLAINTIFF, print your full name on this line.]*

v.

__ANDREA CIOBANU__,
*[The DEFENDANT is who you are suing. Put ONE name on this line. List ALL defendants below, including this one.]*

Case Number __2:22cv368__
*[For a new case in this court, leave blank. The court will assign a case number.]*

*[The top of this page is the caption. Everything you file in this case must have the same caption. Once you know your case number, it is VERY IMPORTANT that you include it on everything you send to the court for this case. DO NOT send more than one copy of anything to the court.]*

## CIVIL COMPLAINT

| # | Defendant's Name and Job Title | Address |
|---|---|---|
| 1 | *[Put the defendant named in the caption in this box.]*<br><br>ANNA HEARN          LAWYER | 56 S. WASHINGTON ST.<br>VALPARAISO, INDIANA 46383 |
| 2 | *[Put the names of any other defendants in these boxes.]*<br><br>ED CLINTON          LAWYER | 111 WEST WASHINGTON STREET<br>SUITE 1437<br>CHICAGO IL. 60602 |
| 3 | ANDREA CIOBANU     LAWYER | 902 EAST 66TH STREET INDIANAPOLIS<br>INDIANA 46220 |

*[If you are suing more defendants, attach an additional page. Number each defendant. Put the name, job title, and address of each defendant in a separate box as shown here.]*

1. How many defendants are you suing? __3__

2. What is your address? __3556 LIOYD DRIVE OAKLAND PARK FL. 33309__

3. What is your telephone number: (__847__) __571-1946__

4. Have you ever sued anyone for these exact same claims?
   - ☑ No.
   - ☐ Yes, attached is a copy of the final judgment OR an additional sheet listing the court, case number, file date, judgment date, and result of the previous case(s).

*[DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]*

## CLAIMS and FACTS

DO: Write a short and plain statement telling what each defendant did wrong.

DO: Use simple English words and sentences.

**DO NOT**: Quote from cases or statutes, use legal terms, or make legal arguments.

DO: Explain when, where, why, and how these events happened.

DO: Include every fact necessary to explain your case and describe your injuries or damages.

DO: Number any documents you attach and refer to them by number in your complaint.

**DO NOT**: Include the names of minors, social security numbers, or dates of birth.

DO: Use each defendant's name every time you refer to that defendant.

DO: Number your paragraphs. [*The first paragraph has been numbered for you.*]

1. FRAUDULENT CONCEALMENT OF EVIDENCE AND MISREPRESENTATION.

    A COPY OF THIS COMPLAINT IS ATTACHED.

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

Claims and Facts (continued)

_____
_____
_____
_____
_____
_____

PRIOR LAWSUITS – Have you ever sued anyone for this exact same event?

☑ No.

◯ Yes, attached is a copy of the final judgment OR an additional sheet listing the court, case number, file date, judgment date, and result of the previous case(s).

RELIEF – If you win this case, what do you want the court to order the defendant to do?

APPLY ALL NECESSARY SANCTIONS AND ALL JUST AND PROPER RELIEF
_____
_____
_____
_____

FILING FEE – Are you paying the filing fee?

☑ Yes, I am paying the $402.00 filing fee. I understand that I am responsible to notify the defendant about this case as required by Federal Rule of Civil Procedure 4. *(If you want the clerk to sign and seal a summons, you need to prepare the summons and submit it to the clerk.)*

◯ No, I am filing a Motion to Proceed In Forma Pauperis and asking the court to notify the defendant about this case.

*[Initial Each Statement]*

__KB__ I will keep a copy of this complaint for my records.
__KB__ I will promptly notify the court of any change of address.
__KB__ I declare **under penalty of perjury** that the statements in this complaint are true.

_____                    NOVEMBER 30, 2022
Signature                                                                           Date

*[DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| KATHY BROWNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Defendants | ) |
| | ) |
| ANDREA CIOBANU | ) |
| ED CLINTON. | ) |
| ANNA HEARN | ) |
| | ) |

## PLAINTIFFS COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Comes Now Plaintiff Kathy Browne pursuant to IC 34-11-5-1 complaining of defendants Andrea Ciobanu, Ed Clinton, and Anna Hearn.

## JURISDICTION

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. 1985.

2. Venue is proper under 28 U.S.C. § 1391 in that the acts and omissions of Defendants giving rise to this action occurred in the Northern District of Indiana, and Valparaiso, Indiana in the county of Porter, and the within the Northern District of Indiana.

3. For the Court to have diversity jurisdiction over this action, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship between Plaintiff and Defendants. See 28 U.S.C. § 1332. Citizenship of a natural person for purposes of diversity jurisdiction is determined by domicile, meaning "the place one intends to remain." Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002); Denlinger v. Brennan, 87 F.3d 214, 216 (7th Circ. 1996).

## **THE PARTIES**

1. Plaintiff Kathy Browne (hereinafter the undersigned) is an individual and resides in Fort Lauderdale Florida, in Broward County.

2. Defendant Anna Hearn (hereinafter "Hearn") is an individual and resident of Indiana, who, at all relevant times, practiced law in Porter County, Indiana.

3. Defendant Ed Clinton (hereinafter "Clinton") is an individual who is a resident of Illinois, and at all relevant times practiced law in Indiana.

4. Andrea Ciobanu (hereinafter Ciobanu) is an an individual, and resident of Indiana, who at all relevant times practiced law in Indiana.

5. The damages in this matter exceed 75,000.

6. All named defendants may collectively be referred to as "Defendants."

## BACKGROUND AND FACTUAL ALLEGATIONS

This is a new tort is rising from Cause No. 2:20-cv-00196. On December 2, 2021 Ciobanu, conspired with Clinton and Hearn to deceive Browne, the magistrate, and the residing judge while the Supreme Court investigated impropriety between Hearn and Kobitz. **Cause No 20S-DI-628. EXHIBIT A.**

## COUNT 1- FRAUD/CONSTRUCTIVE FRAUD

1. On December 2, 2021 Ciobanu, Hearn, and Clinton violated IC 34-11-5-1 when they concealed relevant evidence from the undersigned which proved the undersigned claims in cause **No. 2:20-cv-00196. EXHIBIT B.**

2. On January 21, 2022 Ciobanu misrepresented to the undersigned that Hearn's protected conversations with Kobitz were NOT incriminating for her. **EXHIBIT 9.**

3. On February 3, 2022 Ciobanu reminded Browne there was no impropriety between Hearn and Kobitz, then she fraudulently induced the undersigned into settling with Hearn for 22,500.

4. On March 29, 2022 Clinton sent Browne and email stating Ciobanu put a lien on the settlement check and he sent it to her.

5. On April 7, 2022 Ciobanu wrote Browne an email stating "I did not formally notice up a lien with the court, or Ed Clinton.

6. Browne paid Ciobanu over 65,000 while Ciobanu withheld the defendants incriminating evidence. Browne believes Clinton paid Ciobanu 22,500 for her cooperation to conceal Hearn's evidence during the Supreme Courts investigation.

7. In late March, 2022 after the undersigned agreed to settle with Hearn she discovered Hearn, Ciobanu and Clinton conspired to withhold Hearn's documents and to conceal Hearn's false swearing on December 5, 2019 to obtain the protective order against Browne, and again March 11, 2021 to enforce the oral agreement between the undersigned and Jennifer Waldo. *Micheal Siegel v Marjorie Williams*. **EXHIBT C.**

8. As a result of the defendants trickery and deceit the undersigned sustained extreme emotional and financial damage. Hearn, Clinton, and Ciobanu's fraudulent concealment resulted in the City of Valparaiso and the Valparaiso Police department being dismissed from the undersigned claims. The defendant's actions caused Browne significant financial damage, litigation cost, time loss from work, and loss of enjoyment in life.

9. In July 2020, Cause **No. 2:20-cv-00196** Hearn failed to disclose relevant evidence which supported the undersign claims.

10. On December 2, 2021 Hearn, Ciobanu, and Ed Clinton concealed Hearn's relevant conversations with officer Kobitz which proved the undersigned claims of

conspiracy. Hearn's conversation's included dinner and drinks with Kobitz and her sending him pictures of herself. **EXIBIT D**

## COUNT 2 - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. On January 24, 2022 Andrea Ciobanu threatened Browne if she notified the Supreme Court reguarding Hearn's misconduct there might be repercussions.

2. Ciobanu used the undersign medical records as a way to coerce and intimidate her.

3. Ciobanu withheld the defendants incriminating evidence which caused the undersign mental anguish and extreme emotional stress.

## COUNT 3 - NEGLIGENCE AND MALPRACTICE  ANDREA CIOBANU

On April 2, 2020 the undersigned retained Ciobanu for cause **No. 2:20-cv-00196.** Ciobanu's willful misconduct, deceit, and fraudulent concealment caused the undersigned financial and emotional injury due to her "tortious act and act of another."

1. Pursuant to T.R. 37 Ciobanu intentionally did not submit her letter for the undersign motion to compel which lead to its denial. **Cause. 2:20- cv- 00196 DKT. 249.**

2. Ciobanu mislead Browne by claiming Hearn had immunity to her claims.

Legal malpractice claims in Indiana are subject to a two-year statute of limitations. Estate of Spry v. Batey, 804 N.E.2d 250, 252 (Ind.Ct.App.2004), trans. denied; Ind. Code § 34-11-2-3. Indiana's legal malpractice statute of limitations is an accrual statute, which requires that the court compute the period of time for commencing an action under the specific circumstances of each case. A cause of action for legal malpractice generally accrues when a wrongfully inflicted injury causes damage. Keep v. Noble County Dept. of Public Welfare, 696 N.E.2d 422, 425 (Ind. Ct. App. 1998), trans. denied.

The rules of professional conduct can be admitted as evidence of a breach of the standard of conduct. Liggett, 877 N.E.2d at 187 n.6 (Boehm, concurring)

## B. Breach of Fiduciary Duty

Andrea Ciobanu breached her fiduciary duty when she concealed Hearn's relevant documents which constitutes as malpractice. After the undersigned confirmed she wanted to take Hearn to trial, Ciobanu fraudulently induced the undersign into entering a non disparagement agreement with Hearn, for her financial gain. See, e.g., Apple v. Hall, 412 N.E.2d 114, 116 (Ind. Ct. App. 1980)(holding representation of client whose interests are adverse to former client can constitute malpractice); Bell v. Clark, 653 N.E.2d 483, 489 (Ind. Ct. App. 1995)(accord). Additionally, Indiana case law recognizes that transactions entered into during the existence of a fiduciary relationship are presumptively invalid as the product of undue influence. Transactions between an attorney and client are presumed to be fraudulent, so that the attorney has the burden of proving the fairness and honesty thereof. Matter of Smith, 572 N.E.2d 1280, 1285 (Ind. 1991).

# COUNT 4 - FRAUDULENT CONCEALMENT HEARN, CIOBANU AND CLINTON

A claim for fraud consists of the following elements: (1) a material representation by the defendant to the plaintiff of past or existing facts, (2) which representation is false, (3) was made with knowledge, or reckless ignorance, of the falsity by the defendant, (4) reliance by the plaintiff upon the representation, and (5) damages to the plaintiff. Wright v. Pennamped, 657 N.E.2d 1223 (Ind. Ct. App. 1995). As many courts have stated, the hallmark of any fraud claim is the false representation. Short v. Haywood Printing Co., Inc., 667 N.E.2d 209, 213 (Ind. Ct. App. 1996); Lycan v. Walters, 904 F. Supp. 884 (S.D. Ind. 1995).

1. On December 2, 2021 Ciobanu, Hearn and Clinton agreed to conceal Hearn's incriminating evidence which supported the undersign claims. The defendants concealed this evidence in their efforts to deprive the undersigned from her legal rights and to hide Hearn's false swearing on December 5, 2019 and March 11, 2019.

## 5 - ABUSE OF PROCESS

1. Andrea Ciobanu misrepresented to Browne that Hearn's conversations with Kobitz were not incriminating. Andrea made these statements to continue charging Browne her legal fees.

2. On February 3, 2022 Andrea Ciobanu induced Browne into settling with Hearn for her financial gain. Ciobanu induced Browne into settling for her financial gain. *Michael Siegel v Marjorie Williams.*

3. Ciobanu continued charging the undersign while she concealed evidence which proved the undersigned claims.

4. Ciobanu's actions were malicious since she knew Browne was seeing a therapist for post traumatic stress related to this case. Ciobanu took advantage of the undersign mental state.

5. On February 2, 2022 Ciobanu threatened to quit working for the undersigned if the undersign did not dismiss Hearn from her slander per Se claim.

6. On February 1, 2022 Ciobanu demanded Browne pay her 10,200. Browne did not owe Ciobanu money.

7. On December 1, 2021 during Hearn's deposition Ciobanu left for an hour to work on a separate case which was irrelevant to the undersign case.

8. The undersigned paid Ciobanu more than 65,000 while Ciobanu concealed the defendants pertinent evidence.

9. On January 24, 2022 Ciobanu threatened and intimidated the undersigned when she told her there may be negative repercussions if she notified the Indiana Supreme Court reguarding Hearn and Kobitz.

10. In late September 2022 the undersign discovered additional text concealed by Hearn, Ciobanu, and Clinton. Hearn concealed her communications which proved impropriety between Hearn and Kunitz and proved the undersigned initial claims.

Abuse of process has two elements which must be met: (1) an ulterior purpose, and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding. Austin v. Globe American Casualty Co., 2007 WL 925767, *10 (Ind. Ct. App. 2007). A party's intent for engaging in the legal process is irrelevant, so long as the party's "acts are procedurally and substantively proper." Reichart v. City of New Haven, 674 N.E.2d 27, 31 (Ind. Ct. App. 1996). Put another way, "a party may not be liable for abuse of process where legal process has been used to accomplish an outcome which that process was designed to accomplish." International Medical Group, Inc. v. American Arbitration Ass'n, 149 F. Supp.2d 615, 631 (S.D. Ind. 2001).

WHEREFORE Browne, prays for judgment against Ed Clinton, Anna Hearn and Andrea Ciobanu in an amount sufficient to compensate her for her attorneys' fees, for statutory damages, for punitive damages, treble damages and for injunctive relief and for all other just and proper relief. Jury Demand. Browne demands a trial by jury on all issues so triable.

Kathy Browne
3556 Lloyd DR. Oakland Park,
Florida 33309
kathybrowne28@yahoo.com
847.571.1946

Under the penalties of perjury I attest the information in this complaint is true to the best of knowledge.