UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHY BROWNE )<br>    Plaintiff, )<br>                      )<br>    v.                          )   CAUSE NO.: 2:22-CV-368-JVB-APR<br>                      )<br>ANNA HEARN, ED CLINTON, and )<br>ANDREA CIOBANU, )<br>    Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Anna Hearn's Motion for Rule 11 Sanctions [DE 29] filed on February 27, 2023. Plaintiff Kathy Browne, who is litigating *pro se*, filed a response on March 7, 2023. Hearn filed a reply on March 13, 2023. The motion is now ripe for ruling.

### BACKGROUND

On May 13, 2020, Browne filed a lawsuit in this Court, which was assigned case number 2:20-CV-196 (the "-196 case"). Hearn was a named defendant in the -196 case. On December 1, 2022, Browne initiated the instant lawsuit by filing a complaint, which she amended on December 16, 2022.

In this newer case, Browne's notices of voluntary dismissal of her claims, without prejudice, against all defendants were entered on the docket on February 21, 2023. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(i), these notices were effective without further action needed by the Court. The Court acknowledged the dismissal of this case on February 22, 2023.[1]

---

[1] Browne also filed a renewed motion for leave to amend her complaint on the same date. However, Browne's notices dismissed this cause of action upon their filing, so the motion for leave to amend was terminated upon the voluntary dismissal of the lawsuit. A pending motion to dismiss the amended complaint, filed by Hearn, was terminated at the same time.

On April 12, 2023, the case docket was modified to correct a clerical error as to the filing date: the notices of dismissal were filed on February 14, 2023, though the documents were not entered on the docket until later. The FedEx envelope indicating a February 13 date stamp and "priority overnight" status further corroborate that the documents were filed on February 14, 2023. *See* (Envelope, ECF No. 27-2).

After the case was dismissed upon Browne's notices, Hearn filed the instant motion for sanctions under Federal Rule of Civil Procedure 11 on February 27, 2023.

## ANALYSIS

Hearn asks the Court to sanction to Browne under Federal Rule of Civil Procedure 11(c), which provides that the Court may impose appropriate sanctions for presenting papers to the Court (1) with an improper purpose, (2) that are not warranted by existing law or by nonfrivolous arguments for new law, (3) that lack evidentiary support for factual contentions, or (4) that make unwarranted denials of factual contentions. Fed. R. Civ. P. 11(b), (c). The Court has "considerable discretion in deciding whether to issue Rule 11 sanctions." *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 529 (7th Cir. 2020); *see also* Fed. R. Civ. P. 11(c)(1) ("[T]he court *may* impose an appropriate sanction . . . ." (emphasis added)). Hearn contends that Browne's claims against Hearn in the amended complaint are not warranted by existing law or by nonfrivolous arguments for new law because the claims are barred by *res judicata* due to matters adjudicated in the -196 case.

Rule 11 provides that a motion for sanctions must be served to the opposing party but must not be filed with the Court if the challenged matter is withdrawn or corrected within 21 days after service of the motion on the opposing party. In a letter[2] dated January 25, 2023, Hearn (by counsel)

---

[2] Though Rule 11, by its language, requires a motion and not a letter to be served on the opposing party, the Seventh Circuit Court of Appeals in *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003), held that substantial

asked Browne to dismiss Hearn from the instant case with prejudice by February 15, 2023. In the letter, Hearn presented her reasons for the request—namely that the claims were barred by *res judicata*. Hearn stated that if the lawsuit was not dismissed by the February 15, 2023 deadline, she would seek dismissal of the lawsuit and file a motion for sanctions. (Mot. Sanctions Ex. A, ECF No. 29-1).

When Hearn initially filed her motion for sanctions, the docket in this case had not yet been modified to show that Browne's notices of voluntary dismissal had, in fact, been filed before the expiration of the deadline set in Hearn's letter. That is, the case docket would have led Hearn to believe that the deadline had been allowed to lapse and that her motion complied with Rule 11's safe harbor provision at the time the motion was filed. The subsequent correction of the docket, however, shows that Browne dismissed her cause of action before the deadline, so the Court must deny Hearn's motion. The Court specifically notes that it does not fault Hearn for filing a motion that only later-revealed information proved to be procedurally improper.

Hearn is displeased that Browne's dismissal of the lawsuit is without prejudice, but Rule 11 refers to the challenged item being "withdrawn or appropriately corrected," Fed. R. Civ. P. 11(c)(2). The Court sees no reason to find that the amended complaint being dismissed, albeit without prejudice, fails to meet this standard. Rule 11 does not empower the moving party to demand action beyond withdrawal or appropriate correction of the offending document within the relevant time period. Hearn includes correspondence between her counsel and Browne in which Hearn's counsel explained how to dismiss Hearn with prejudice from the lawsuit, but it is not a sanctionable act for Browne to dismiss her amended complaint without prejudice through a notice

---

compliance through the sending of a letter was sufficient under Rule 11, though this holding was called into question but not overruled in *Northern Illinois Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 887 (7th Cir. 2017).

of voluntary dismissal instead. Browne withdrew her amended complaint before the safe harbor period expired. Rule 11 does not allow sanctions under these circumstances.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendant Hearn's Motion for Rule 11 Sanctions [DE 29].

SO ORDERED on April 18, 2023.

                                                  s/ Joseph S. Van Bokkelen
                                                  JOSEPH S. VAN BOKKELEN, JUDGE
                                                  UNITED STATES DISTRICT COURT